**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. ATLANTA

SEP ●● 2008

JAMES N. HATTEN, CLERK
By _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL INDICTMENT |
| v. | |
| ANDRES CAVAZOS, JR., aka JUNIOR, aka ANDY, | 1 08-CR-362 |
| JUAN ANDRES CORTEZ, aka ANDRES, aka CACHETES, | (M-15-0789-M) |
| GILBERTO ALMAZAN BOTELLO, aka GIL, | |
| -04 RICARDO GONZALEZ, aka NALGAS, | |
| -05 MIGUEL SANCHEZ-GUERRERO, | |
| ANDRES CAVAZOS, SR., aka POPS, aka JACK, | |
| JAVIER ALBERTO LONGORIA, | |
| DAVID DEANDA, | |
| PEDRO ANDRES PINEDA, aka TOCAYO, | |
| EDDY SALINAS, and | |
| NATHAN ZAVALA, aka NATE | |

THE GRAND JURY CHARGES THAT:

<u>COUNT ONE</u>

From a date unknown to the grand jury, but at least by on or about April 4, 2008, and continuing until the return of this Indictment, within the Northern District of Georgia and elsewhere, the defendants,

ANDRES CAVAZOS, JR., aka JUNIOR, aka ANDY,
JUAN ANDRES CORTEZ, aka ANDRES, aka CACHETES,
GILBERTO ALMAZAN BOTELLO, aka GIL,
RICARDO GONZALEZ, aka NALGAS,
MIGUEL SANCHEZ-GUERRERO,
ANDRES CAVAZOS, SR., aka POPS, aka JACK,
JAVIER ALBERTO LONGORIA,
DAVID DEANDA,
PEDRO ANDRES PINEDA, aka TOCAYO,
EDDY SALINAS, and

NATHAN ZAVALA, aka NATE,

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and/or foreign commerce, which involved the proceeds of a specified unlawful activity, that is, the importation, concealment, buying, selling and/or otherwise dealing in controlled substances, punishable under the laws of the United States of America, with the intent to promote the carrying on of specified unlawful activity, that is, the importation, concealment, buying, selling and/or otherwise dealing in controlled substances, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and/or foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the importation, concealment, buying, selling and/or otherwise dealing in controlled substances, punishable under the laws of the United States of America, knowing that the

2

transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and/or control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

### COUNT TWO

Beginning on a date unknown to the Grand Jury, but at least as of on or about April 4, 2008, and continuing until the return of this Indictment, in the Northern District of Georgia, the defendants,

> ANDRES CAVAZOS, JR., aka JUNIOR, aka ANDY,
> JUAN ANDRES CORTEZ, aka ANDRES, aka CACHETES,
> GILBERTO ALMAZAN BOTELLO, aka GIL,
> RICARDO GONZALEZ, aka NALGAS,
> MIGUEL SANCHEZ-GUERRERO,
> ANDRES CAVAZOS, SR., aka POPS, aka JACK,
> JAVIER ALBERTO LONGORIA,
> DAVID DEANDA, and
> NATHAN ZAVALA, aka NATE,

together with others, both known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with one another to commit violations of Title 21, United States Code, Section 841(a)(1), that is, to willfully aid and abet the distribution of at least five (5)

kilograms of a mixture containing cocaine, a Schedule II controlled substance, and/or at least 1,000 kilograms of a mixture containing marijuana, a Schedule I controlled substance, by and through the "laundering" of proceeds from the sale of cocaine and/or marijuana.

All in violation of Title 21, United States Code, Sections 841(b)(1)(A)(ii) and (vii) and 846, and Title 18, United States Code, Section 2.

### COUNT THREE

On or about April 4, 2008, in the Northern District of Georgia and elsewhere, the defendants,

> ANDRES CAVAZOS, JR., aka JUNIOR, aka ANDY, and
> JAVIER ALBERTO LONGORIA,

aided and abetted by each other and others, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and/or foreign commerce, to wit, the transfer of U.S. Currency in the amount of approximately $460,000, which involved the proceeds of a specified unlawful activity, that is, buying, selling and/or otherwise dealing in controlled substances, punishable under the laws of the United States of America, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, source, ownership, and/or control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, the currency of the United States which was transferred, represented

4

the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT FOUR

On or about June 1, 2008, in the Northern District of Georgia and elsewhere, the defendants,

> ANDRES CAVAZOS, JR., aka JUNIOR, aka ANDY,
> JUAN ANDRES CORTEZ, aka ANDRES, aka CACHETES,
> JAVIER ALBERTO LONGORIA, and
> DAVID DEANDA,

aided and abetted by each other and others, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and/or foreign commerce, to wit, the transfer of U.S. Currency in the amount of approximately $800,000, which involved the proceeds of a specified unlawful activity, that is, buying, selling and/or otherwise dealing in controlled substances, punishable under the laws of the United States of America, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, source, ownership, and/or control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, the currency of the United States which was transferred, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

5

COUNT FIVE

On or about July 15, 2008, in the Northern District of Georgia and elsewhere, the defendants,

ANDRES CAVAZOS, JR., aka JUNIOR, aka ANDY, and
DAVID DEANDA,

aided and abetted by each other and others, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and/or foreign commerce, to wit, the transfer of U.S. Currency in the amount of approximately $550,000, which involved the proceeds of a specified unlawful activity, that is, buying, selling and/or otherwise dealing in controlled substances, punishable under the laws of the United States of America, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, source, ownership, and/or control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, the currency of the United States which was transferred, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNT SIX

On or about August 9, 2008, in the Northern District of Georgia and elsewhere, the defendants,

ANDRES CAVAZOS, JR., aka JUNIOR, aka ANDY,

JUAN ANDRES CORTEZ, aka ANDRES, aka CACHETES,
GILBERTO ALMAZAN BOTELLO, aka GIL,
JAVIER ALBERTO LONGORIA, and
DAVID DEANDA,

aided and abetted by each other and others, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and/or foreign commerce, to wit, the transfer of U.S. Currency in the amount of approximately $1.4 million, which involved the proceeds of a specified unlawful activity, that is, buying, selling and/or otherwise dealing in controlled substances, punishable under the laws of the United States of America, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, source, ownership, and/or control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, the currency of the United States which was transferred, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### FORFEITURE PROVISION

1. Upon conviction of the controlled substance offense alleged in Count Two of this Indictment, defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said

7

violations and all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

    a. MONEY JUDGMENT: A sum of money in United States currency equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense;

    b. CURRENCY:

        i. $1,412,437.00 in United States currency seized on or around August 11, 2008;

2. Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of one or more of the money laundering offenses set forth in Counts One and Three through Six of this Indictment shall forfeit to the United States all right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956; 2) all commissions, fees and other property constituting proceeds obtained as a result of those

violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations, including but not limited to the following:

    a. MONEY JUDGMENT: A sum of money in United States currency equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense;

    b. CURRENCY:

        i. $1,412,437.00 in United States currency seized on or around August 11, 2008

3. If, as a result of any act or omission of the defendants, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States

Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A ___True___ BILL

_____*Arthur Brier*_____
FOREPERSON

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

*Sandra E. Strippoli*
SANDRA E. STRIPPOLI
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6304
404 581-6171 fax
Georgia Bar No. 688565

DAVID E. SUCHAR
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6275
404 581-6171 fax
Provisionally Admitted
Under LR 83.1(a), NDGa